NOT DESIGNATED FOR PUBLICATION

No. 115,356

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

GEORGE MICHAEL MEPHAM,
*Appellant*.

MEMORANDUM OPINION

Appeal from Graham District Court; JESSIE A. THOMPSON, judge. Opinion filed October 28, 2016. Affirmed.

*George Michael Mepham*, appellant pro se.

*Tony A. Potter*, county attorney, for appellee.

Before BRUNS, P.J., GREEN, J., and WILLIAM S. WOOLLEY, District Judge, assigned.

*Per Curiam*:  George Michael Mepham appeals from his conviction and sentence for operating a motor vehicle without a license. On appeal, Mepham contends that he is a "private citizen" who is not subject to the jurisdiction of Kansas courts. He also contends that the district court erred in finding that the Uniform Commercial Code has no bearing on this case.

On August 8, 2015, Mepham received a traffic citation from the Kansas Highway Patrol for operating an automobile without a license on a highway in Graham County. At a bench trial held on January 26, 2016, he was convicted of this traffic offense by a

1

district magistrate judge. The judge then imposed a $100 fine and a 30-day jail sentence, which was reduced to 6 months of probation. Thereafter, Mepham timely filed a notice of appeal to this court.

On appeal, Mepham asks that we "dismiss the action with prejudice for lack of *In personam Jurisidiction* and for committing reversible error for denying the UCC has nothing to do with this case." Whether personal jurisdiction exists is a question of law over which we have unlimited review. *State v. Dull*, 302 Kan. 32, 61, 351 P.3d 641 (2015), *cert. denied* 136 S. Ct. 1364 (2016). Likewise, interpretation of statutes involves a question of law over which we also have unlimited review. *State v. Keel*, 302 Kan. 560, 571, 357 P.3d 251 (2015), *cert. denied* 136 S. Ct. 865 (2016).

Even if we assume that he is not a citizen of Kansas, the record reveals that Mepham was served with the complaint—a traffic citation—by the Kansas Highway Patrol while operating a motor vehicle on a Kansas Highway. Specifically, he states in his brief that on August 8, 2015, he "decided to take an automobile, owned by a good friend, to someone north of Hill City." Further, Mepham states that he was "pulled over because 'the glass was too dark' . . . and [he] told the officer [he] had no license."

K.S.A. 2015 Supp. 8-235(a) provides that it is illegal to drive any motor vehicle upon a highway in this state without a valid driver's license. On its face, this traffic statute applies to anyone who voluntarily drives on a Kansas highway regardless of whether one is a citizen of Kansas. Thus, we conclude that Mepham voluntarily submitted to the jurisdiction of Kansas courts by driving his friend's automobile on a Kansas highway.

Furthermore, we find nothing in the Uniform Commercial Code—which primarily deals with the sale of goods and secured transactions—that would preempt the laws of Kansas regulating those who drive on Kansas highways. Certainly, there are many

2

instances in which the common law remains in force. However, the regulation of traffic has traditionally been handled by legislation. Moreover, we take no position on Mepham's contention that he has "reserved [his] right not to be compelled to perform under any contract or commercial agreement that [he] did not enter knowingly, voluntarily and intentionally." Rather, we simply conclude that he submitted himself to the jurisdiction of Kansas courts when he voluntarily chose to drive his friend's automobile on a Kansas highway.

Affirmed.